UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE T. FLOYD,

        Plaintiff,

                                        Civil No: 2:07-CV-13749
                                        HONORABLE ARTHUR J. TARNOW
v.                                  UNITED STATES DISTRICT COURT

ROBERT H. CLELAND,

        Defendant,

_____/

## OPINION & ORDER OF SUMMARY DISMISSAL

### I. Introduction

Eugene T. Floyd, ("plaintiff"), presently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a complaint against Judge Robert H. Cleland pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages against the defendant for the alleged intentional delay in the disposition of his habeas corpus case. For the reasons stated below, the complaint is dismissed because plaintiff has failed to state a claim upon which relief can be granted.

### II. Standard of Review

The Court initially notes that plaintiff's § 1983 lawsuit claims that a federal district court judge violated his constitutional rights. 42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law. *See Benson v. United States*, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997). However, a plaintiff may file suit in federal court for damages arising from a violation of plaintiff's

1

constitutional rights by persons acting under the color of federal law. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). A *Bivens* action is considered the federal counterpart of a Section 1983 action. *Shannon v. General Electric Co*, 812 F. Supp. 308, 322 (N.D.N.Y. 1993). Because plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, plaintiff's § 1983 complaint is properly construed as a *Bivens* action. *See Sullivan v. United States,* 90 Fed. Appx. 862, 863 (6th Cir. 2004).

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA are applicable to *Bivens* actions brought by federal inmates. *See e.g. Diaz v. Van Norman,* 351 F. Supp. 2d 679, 680-81 (E.D. Mich. 2005).

*Floyd v. Cleland,* 07-CV-13749

## III. <u>Discussion</u>

A judge performing judicial functions is absolutely immune from a suit seeking monetary damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991)(judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). Control of the docket is a function for which judges are entitled to absolute immunity. *Doyle v. Camelot Care Ctrs.*, Inc., 305 F. 3d 603, 622-23 (7th Cir. 2002); *Rodriguez v. Weprin*, 116 F. 3d 62, 66 (2nd Cir. 1997). Judge Cleland is absolutely immune from being sued in a *Bivens* action for any alleged delay in adjudicating plaintiff's habeas petition. *See Kipen v. Lawson,* 57 Fed. Appx. 691, 692 (6th Cir. 2003).

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff''s Complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: September 25, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary